

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00076-CV

**IN THE INTEREST OF R.E.Y.**, a Child

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-02744
Honorable Charles Montemayor, Associate Judge Presiding

Opinion by:      Luz Elena D. Chapa, Justice

Sitting:         Karen Angelini, Justice
                 Luz Elena D. Chapa, Justice
                 Jason Pulliam, Justice

Delivered and Filed:  August 10, 2015

AFFIRMED

Richard Y. appeals the trial court's termination of his parental rights to R.E.Y.[1] He argues

there is legally and factually insufficient evidence to support the trial court's findings of grounds

for termination under section 161.001(1) of the Texas Family Code. *See* TEX. FAM. CODE ANN.

§ 161.001(1) (West 2014). We affirm the trial court's judgment.

### BACKGROUND

The Department of Family and Protective Services investigated a report that R.E.Y.'s

mother was using methamphetamines and not providing safe home conditions. A caseworker

located Richard, who was living elsewhere, and "validated" him for neglectful supervision by

---

[1] To protect the identity of the minor child, we refer to the child's father by his first name and last initial and to the child by her initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b)(2).

using drugs and leaving R.E.Y. with her mother. The Department thereafter filed a petition for protection of a child, for conservatorship, and for termination of Richard's parental rights to R.E.Y.[2] Following a bench trial that concluded on January 14, 2015, the trial court found by clear and convincing evidence that termination of Richard's parental rights is in R.E.Y.'s best interest. It also found by clear and convincing evidence three grounds for termination under section 161.001(1), specifically that Richard (1) engaged in conduct or knowingly placed R.E.Y. with persons who engaged in conduct that endangered her physical or emotional well-being; (2) failed to comply with court-ordered provisions that established the actions necessary for him to obtain R.E.Y.'s return after the Department removed her for alleged abuse or neglect; and (3) used a controlled substance in a manner that endangered R.E.Y.'s health or safety. *See id.* § 161.001(1)(E), (O), (P). The trial court terminated Richard's parental rights, and Richard now appeals.

## STANDARD OF REVIEW

Judgments terminating parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (West 2014). To determine if the heightened burden of proof was met, we employ a heightened standard of review—judging whether a "factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). This standard guards the constitutional interests implicated by termination, while retaining the deference an appellate court must have for the factfinder's role. *Id.* at 26. We are not to reweigh issues of witness credibility but "'must defer to the [factfinder's] determinations at least so long as those determinations are not themselves unreasonable.'" *In re*

---

[2] R.E.Y.'s mother is not a party to this appeal.

*J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (quoting *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 625 (Tex. 2004)).

Legal sufficiency review requires us to examine the evidence "in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could have done so, and we disregard all evidence that a reasonable factfinder could have disbelieved or found incredible. *Id.* But we may not simply disregard undisputed facts that do not support the finding; to do so would not comport with the State's heightened burden of proof by clear and convincing evidence. *Id.*

When conducting a factual sufficiency review, we evaluate "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *Id.* We hold the evidence to be factually insufficient only if, in the light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction. *Id.*

### GROUNDS FOR TERMINATION UNDER SECTION 161.001(1)

In two issues, Richard argues there is legally and factually insufficient evidence to support the trial court's findings of grounds for termination under subsections (O) (violation of court-ordered service plan) and (P) (use of controlled substance). In another issue, Richard argues there is insufficient evidence to support a finding that he "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child," which is the ground set out in section 161.001(1)(D). *See id.* § 161.001(1)(D). However, the trial court did not find subsection (D) was one of the grounds for termination. It

found Richard "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child, pursuant to § 161.001(1)(E)." Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2002). Richard does not challenge the legal or factual sufficiency of the evidence supporting the trial court's finding under section 161.001(1)(E) or the trial court's best-interest finding. We therefore need not reach any of the issues Richard has raised. *See id.*; *In re B.K.D.*, 131 S.W.3d 10, 16 (Tex. App.—Fort Worth 2003, pet. denied) (per curiam); *see, e.g.*, *In re J.J.C.*, No. 04-14-00577-CV, 2015 WL 452231, at *1 (Tex. App.—San Antonio Jan. 28, 2015, no pet.) (mem. op.).

We nevertheless conclude the evidence is legally and factually sufficient to support the trial court's subsection (O) finding—that Richard failed to comply with court-ordered provisions of his family service plan. Subsection (O) is a ground for termination when a parent "failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child." TEX. FAM. CODE ANN. § 161.001(1)(O).

The record establishes the court ordered Richard to complete a family service plan to obtain the return of R.E.Y. who was in the managing conservatorship of the Department for more than nine months after she was removed from a parent for abuse and neglect. The family service plan required Richard to complete individual and family counseling and to participate in domestic violence and anger management classes. The family service plan also required Richard to complete counseling and participate in classes through specific organizations identified in the plan. Nicole

Curel, a CPS caseworker, testified Richard did not attend the required counseling or participate in the classes. Richard testified he attended domestic violence classes and counseling through other organizations. He explained he did not complete the family service plan's counseling and classes because he was attending domestic violence classes elsewhere and did not trust the Department-provided counselors. Richard admitted he did not attend anger management classes.

Richard admitted at trial he failed to comply with the requirements of his family service plan, and subsection (O) does not include a provision that excuses Richard's failure to comply. *See In re C.R.*, 263 S.W.3d 368, 374 (Tex. App.—Dallas 2008, no pet.) ("[S]ection 161.001(1)(O) does not make a provision for excuses for [a] failure to comply with the trial court's order.") (internal quotes omitted). We hold the trial court could reasonably have formed a firm belief or conviction that Richard failed to comply with court-ordered provisions of his family service plan. *See* TEX. FAM. CODE ANN. § 161.001(1)(O); *In re J.F.C.*, 96 S.W.3d at 266.

## CONCLUSION

The trial court's judgment is affirmed.

Luz Elena D. Chapa, Justice